UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES M. HEBESTREIT,

        Plaintiff,

v.                                        CASE NO. 2:13-CV-11306
                                             HONORABLE GEORGE CARAM STEEH

PAUL KLEE, ET AL,

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION
FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE
FILING FEE AND DISMISSING THE CIVIL RIGHTS COMPLAINT**

Michigan state prisoner Charles Hebestreit has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of fees or costs seeking to proceed without prepayment of the $350.00 filing fee for this action. See 28 U.S.C. § 1915(a)(1). Plaintiff names fourteen defendants. He seeks monetary damages and injunctive relief. Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321(1996), a prisoner is prevented from proceeding in forma pauperis in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

42 U.S.C. § 1915(g).

In short, this "three strikes" provision allows the Court to dismiss a case where the prisoner

seeks to proceed in forma pauperis, if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996); *Dupree v. Palmer*, 284 F.3d 1234, 1236(11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Plaintiff has filed many more than three prior civil rights complaints which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. See *Hebestreit v. Miller*, No. 90-cv-40008 (E.D. Mich. January 29, 1990); *Hebestreit v. Brown, et al*, No. 90-cv-73420 (E.D. Mich. April 17, 1992); *Hebestreit v. Brown, et al,* No. 92-cv-0036 (W.D. Mich. June 2, 1992); and *Hebestreit v. Wayne County Sheriff Dept.*, No. 03-CV-71152 (E.D. Mich. April 23, 2003).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." To establish that his complaint falls within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed in forma pauperis. *Vandiver v. Vasbinder*, No. 08-2602, 416 F. App'x561 (6th Cir. Mar. 28, 2011). See also *Malik v. McGinnis*, 293 F.3d 559, 562 (2d Cir. 2002)(holding that imminent danger exception requires that the danger exist at time complaint is filed); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing

danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury). Plaintiff's complaint does not claim that he is under imminent danger of serious physical injury.

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee. Additionally, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff filing a new complaint with payment of the filing fee. **SO ORDERED**.

Dated: April 1, 2013

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 1, 2013, by electronic and/or ordinary mail and also on Charles Hebestreit #196481, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221.

s/Barbara Radke
Deputy Clerk

---